UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

OPEYEMI AKINOLA NAJEEM,

              Petitioner,                              Case No.: 25-cv-1052

v.

JOSEPH E. FREDEN, in his official capacity as
ICE Deputy Field Office Director; KRISTI NOEM,
in her official capacity as Secretary of Homeland
Security, and TODD M. LYONS, in his official
capacity as Acting Director of Immigration and
Customs Enforcement, and PAMELA BONDI,
in her official capacity as Attorney General of
the United States,

              Respondents.
_____

## VERIFIED PETITION FOR A WRIT OF HABEAS CORPUS

## INTRODUCTION

1.      Petitioner, Opeyemi Akinola Najeem, is a native and citizen of Nigeria who entered the United States without inspection on or about October 3, 2024. He was initially detained.

2.      On or about November 14, 2024, the Department of Homeland Security issued Mr. Najeem a Notice to Appear and designated him as falling under 8 U.S.C. 1226(a) by marking the box on his NTA that reads, "You are an alien present in the United States who has not been admitted or paroled."

3.      On or about January 13, 2025, the Department of Homeland Security released him and placed him in an "Alternative To Detention" ("ATD") program, which required him to report monthly via smartphone app.

4.      On or about April 20, 2025, while living in Indianapolis, Indiana, he became discouraged at the current state of the immigration system in the United States. He traveled to

Niagara Falls, New York, in an attempt to apply for protection in Canada.

5.      On or about April 24, 2025, he walked across the Rainbow Bridge in Niagara Falls to apply for relief in Canada. When he reached the other side of the bridge, Canadian authorities rejected him and returned him to U.S. officials, who took him into custody and brought him to Buffalo Federal Detention Facility ("BFDF") in Batavia, New York.

6.      On September 5, 2025, the Board of Immigration Appeals (the "Board") issued *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which have said that that those who are classified as "entry without inspection" are now "applicants for admission" under 8 U.S.C. § 1225(b) and not eligible to apply for bond in front of an immigration judge, even if they are not caught near the border and have been in the United States for an extended period of time. Historically, these individuals were subject to the detention rules under 8 U.S.C. § 1226(a), which permitted them to apply for a bond in front of an immigration judge.

7.      Because he was detained under 8 U.S.C. § 1226(a), on September 12, 2025, he applied for custody redetermination in front of an immigration judge in an attempt to exhaust his administrative remedies.

8.      On September 18, 2025, the immigration judge denied his bond application citing *Matter of Yajure Hurtado*.

9.      Mr. Najeem, who would otherwise be eligible to apply for a bond in front of an immigration judge, is now not eligible for any bond and must stay detained for the duration of his immigration court proceedings, including any appeal if he loses.

10.     For these reasons, Mr. Najeem requests that the Court declare that he is detained under 8 U.S.C. § 1226(a) and either (1) order his immediate release or (2) order that he receive a bond hearing in front of an immigration judge with the burden on the government to prove by clear

and convincing evidence that he is either a danger persons or property and/or a flight risk and that there is no combination of alternatives to detention that could mitigate those risks.

## JURISDICTION

11.     This action arises under the Constitution of the United States, the APA, and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 et seq.

12.     This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

13.     This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 et. seq., the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

14.     Venue is proper because Petitioner is detained at the Buffalo Federal Detention Facility ("BFDF") in Buffalo, New York, which is within the jurisdiction of this District.

15.     Venue is proper in this District because Respondents are officers, employees, or agencies of the United States, a substantial part of the events or omissions giving rise to Petitioner's claims occurred in this District, and Petitioner resides in this District. There is no real property involved in this action.  28 U.S.C. § 1391(e).

## REQUIREMENTS OF 28 U.S.C. § 2243

16.     The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an order to show cause is issued, the Court must require respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is

3

allowed." Id. (emphasis added).

17.     Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

18.     To the extent required, Petitioner has exhausted his administrative remedies as required by law and his only remedy is by way of this judicial action. *Mathon v. Feeley*, No. 20 CV-07105-FPG, 2021 U.S. Dist. LEXIS 260853, at *6-7 (W.D.N.Y. Oct. 13, 2021). In addition, the administrative agency has already predetermined that Petitioner is not eligible for any relief through the agency. *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). Notwithstanding this, the petitioner attempted to get a bond hearing in front of an immigration judge, but his application was denied, citing *Matter of Yajure Hurtado*. Therefore, any attempt to seek additional relief through the agency would be futile.

## PARTIES

19.     Petitioner is currently detained by the Department of Homeland Security at the BFDF. He is currently in removal proceedings.

20.     Respondent, Joseph E. Freden, is the ICE Deputy Field Office Director and is the senior ICE officer in charge of the BFDF in Batavia, New York. He is Chavez-Chilel's immediate custodian, and, upon information and belief, resides in the Western District of New York.

21.     Respondent Todd Lyons is sued in his official capacity as Acting Director of the United States Immigration and Customs Enforcement. In this capacity, Respondent Lyons

oversees all detention of noncitizens held in ICE custody and is a legal custodian of Petitioner with the authority to release him.

22.     Respondent Kristi Noem is sued in her official capacity as Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Noem is responsible for the implementation and enforcement of the Immigration and Nationality Act, and oversees ICE, the component agency responsible for Petitioner's detention and custody. Respondent Noem is a legal custodian of Petitioner.

23.     Respondent Pam Bondi is sued in her official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the Board of Immigration Appeals.

## STATEMENT OF FACTS

24.     Petitioner is a native and citizen of Nigeria.

25.     Petitioner entered the United States without inspection on or about November 14, 2025.

26.     On or about October 29, 2024, DHS issued Petitioner a Notice to Appear ("NTA"). A true and accurate copy of this NTA is attached as **Exhibit A**.

27.     In that NTA, DHS charged Mr. Najeem with violation of INA § 212(a)(7)(A(i)(I) and § 212(a)(6)(A)(i). **Exhibit A**.

28.     In addition, in that NTA, DHS checked the box "You are an alien present in the United States who has not been admitted or paroled." **Exhibit A**.

29.     On or about January 13, 2025, the Department of Homeland Security ('DHS")

5

placed him in an "Alternative To Detention" ("ATD") program, which required him to report monthly via smartphone app.

30.     On or about April 20, 2025, while living in Indianapolis, Indiana, he became discouraged at the current state of the immigration system in the United States. He traveled to Niagara Falls, New York, in an attempt to apply for protection in Canada.

31.     On or about April 24, 2025, he walked across the Rainbow Bridge in Niagara Falls to apply for relief in Canada. When he reached the other side of the bridge, Canadian authorities rejected him and returned him to U.S. officials, who took him into custody and brought him to Buffalo Federal Detention Facility ("BFDF") in Batavia, New York.

32.     On or about September 12, 2025, he applied for custody redetermination in front of an immigration judge in an attempt to exhaust his administrative remedies.

33.     On or about September 18, 2025, Immigration Judge Brian Counihan issued an order prior to the date of the scheduled hearing stating that the court did not have jurisdiction to set bond pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). A true and accurate copy of this decision is attached as **Exhibit B**.

34.     Mr. Najeem is currently detained at the Buffalo Federal Detention Facility in Batavia, New York.

## LEGAL BACKGROUND

**PETITIONER'S DETENTION VIOLATES PETITIONER'S DUE PROCESS RIGHTS UNDER THE FIFTH AMENDMENT OF THE U.S. CONSTITUTION.**

**I.     This Court has jurisdiction to hear this matter.**

35.     As noted above, "Federal courts have jurisdiction to review habeas petitioners filed by immigration detainees who assert that they are 'in custody in violation of the Constitution or

laws or treaties of the United States.'" *Artiga v. Genalo*, No. 25-CV-5208 (OEM), 2025 U.S. Dist. LEXIS 196847, at *8 (E.D.N.Y. Oct. 5, 2025) quoting 28 U.S.C. § 2241(c)(3). Therefore, this Court has jurisdiction to hear this matter.

**II.    Petitioner is not required to exhaust his administrative remedies.**

36.    Petitioner is not required to exhaust his administrative remedies by seeking a bond or requesting discretionary parole.

37.    While courts generally require exhaustion of administrative remedies before detainees may challenge their detention in court via a petition for a writ of habeas corpus, exhaustion is a prudential matter, not a statutory requirement. *Artiga*, 2025 U.S. Dist. LEXIS 196847, at *8-9.

38.    Exhaustion of administrative remedies in certain circumstances, including when "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question." *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 237 (W.D.N.Y. 2019) citing *Able v. U.S.*, 88 F.3d 1280, 1288 (2d Cir. 1996).

39.    At least one of these exceptions applies. Any attempt to seek administrative remedy will be futile. In *Matter of Yajure Hurtado*, the Board of Immigration Appeals (the "Board") ruled for the first time that anyone who is classified as an "inadmissible alien who establishes that he or she has been present in the United States for over 2 years" can be detained under 8 U.S.C. § 1225(b)(2) and "shall be detained for a proceeding under section 240." *Id*. at 219-220. The consequence of this decision is that individuals who were historically classified as entry without inspection or EWI and eligible to apply for a bond before an immigration judge under 8 U.S.C.

1226(a) are now ineligible for an immigration judge-issued bond. Therefore, any attempt to seek release before an immigration judge would be futile.

40.     Therefore, Petitioner should not be required to exhaust his administrative remedies.

## III.     PETITIONER IS DETAINED UNDER 8 U.S.C. § 1226(a).

41.     The next issue is to determine what section of the Immigration and Nationality Act ("INA") governs Petitioner's detention.

### A. Background of 8 U.S.C. §§ 1225 and 1226.

42.     Two sections of the Immigration and Nationality Act govern the detention of non-citizens who have not received a final order of removal: 8 U.S.C. § 1225 and 8 U.S.C. § 1226.

43.     8 U.S.C. § 1225 governs those who are considered "applicants for admission." 8 U.S.C. § 1225(a)(1). This section states that "[a]n alien present in the United States who has not been admitted or who arrives in the United States. . . shall be deemed for purposes of this chapter an applicant for admission."

44.     Applicants for admission under 8 U.S.C. § 1225 are divided into two subsections: those covered by 8 U.S.C. § 1225(b)(1) and those covered by 8 U.S.C. § 1225(b)(2).

45.     8 U.S.C. § 1225(b)(1) generally applies to those noncitizens "initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation." This section also applies to other aliens who receive a special designation by the Attorney General of the United States. 8 U.S.C. § 1225(b)(1)(A)(iii). These individuals are subject to what is commonly known as "expedited removal."

46.     Noncitizens who fall under 8 U.S.C. § 1225(b)(1) are subject to immediate removal unless they make a fear-based claim. Upon making that claim, if they pass a credible fear interview, they are put into removal proceedings where their fear-based application is considered. *Jennings*

*v. Rodriguez*, 583 U.S. 281, 287 (2018). Noncitizens who either do not make a fear-based claim or do not make a credible fear-based claim are detained until removal. 8 U.S.C. §§ 1225(b)(1)(A)(ii), (B)(iii)(IV). Those who make a fear-based claim are detained while an immigration court considers the non-citizen's claim. *Jennings*, 583 U.S. at 287 citing 8 U.S.C. § 1225(b)(1)(B)(ii).

47.     The next category of individuals fall under 8 U.S.C. § 1225(b)(2). This is a general "'catchall provision' that applies to all other applicants." *J.U. v. Maldonado*, No. 25-CV-04836 (OEM), 2025 U.S. Dist. LEXIS 191630, at *12 (E.D.N.Y. Sep. 29, 2025), quoting *Jennings*, 583 U.S. at 285. Those detained under this section are commonly known as "arriving aliens."

48.     8 U.S.C. § 1225(b)(2)(A) provides that: "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained" while the non-citizen is in removal proceedings under 8 U.S.C. § 1229a.

49.     Detention is mandatory under 8 U.S.C. § 1225. But DHS may grant anyone who falls under 8 U.S.C. § 1225(b) temporary parole on a case-by-case and individualized basis. But when the purposes of the parole have been accomplished and/or the terms of that parole are concluded, the individual is returned to detention. *J.U.*, 2025 U.S. Dist. LEXIS 191630, at *13-14. Those designated as applicants for admission are not eligible to apply for a bond from an immigration judge.

50.     Historically, these noncitizens are those who go to a border checkpoint crossing and request entry.

51.     The next category of individuals fall under 8 U.S.C. § 1226. Noncitizens detained under this section are then classified under under one of two subsections here as well: 8 U.S.C. §

1226(a) and 8 U.S.C. § 1226(c).

52.     "Section 1226(a) governs a separate non-mandatory detention scheme and provides for the 'default rule' for detaining and removing aliens 'already present in the United States.'" *J.U.*, 2025 U.S. Dist. LEXIS 191630, at *14 quoting *Jennings*, 583 U.S. at 303.

53.     This section provides that "on a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a).

54.     "While that decision is pending, the Attorney General may "continue to detain the arrested alien," "release the alien on bond of at least $1,500," or "release the alien on conditional parole." 8 U.S.C. § 1226(a)(1)-(2).

55.     8 U.S.C. § 1226(c) contains several "exceptions [to 8 U.S.C. § 1226(a)] for persons 'who fall[ ] into one of the enumerated categories involving criminal offenses and terrorist activities.'" *J.U.*, 2025 U.S. Dist. LEXIS 191630, at *14 quoting *Jennings*, 583 U.S. at 303. Detention is mandatory for those who fall under 8 U.S.C. § 1226(c).

56.     But even those detained under 8 U.S.C. § 1226(c) can file a petition for a writ of habeas corpus for prolonged detention in violation of the Due Process Clause of the Fifth Amendment of the U.S. Constitution. A federal judge can then order that an immigration judge conduct a bond hearing with the burden on the government to show by clear and convincing evidence that the individual is a danger to persons or property or a flight risk and that no alternatives to detention exist that could mitigate that risk for the detention to continue. *See Black v. Dir. Thomas Decker*, 103 F.4th 133 (2d Cir. 2024); *Cantor v. Freden*, 761 F. Supp. 3d 630, 635-41 (W.D.N.Y. 2025).

57.     An NTA issued by the DHS can indicate the non-citizen's detention status. The

NTA has specific boxes for those who fall under 8 U.S.C. § 1225(b)(1) and (b)(2). Those under 8 U.S.C. § 1225(b)(1) fall under the box that states, "Section 235(b)(1) order was vacated pursuant to: [ ] 8 CFR 208.30  [ ] 8 CFR 235.3(b)(5)(iv)." Those under 8 U.S.C. 1225(b)(2) fall under the box that states, "You are an arriving alien." Finally, those who fall under 8 U.S.C. § 1226(a) fall under the box entitled "You are an alien present in the United States who has not been admitted or paroled."

**B.  Petitioner is detained pursuant to 8 U.S.C. § 1226(a).**

58.    Petitioner is detained pursuant to 8 U.S.C. § 1226(a) for several reasons.

59.    While Petitioner has only been in the country since October 2024, DHS gave him an NTA in March 2025 with the box marked "You are an alien present in the United States who has not been admitted or paroled." *See J.U.*, 2025 U.S. Dist. LEXIS 191630, at *2-3 (noting that this is evidence of classification under 8 U.S.C. 1226(a)).

60.    Upon information and belief, while Mr. Najeem was released under an ATD program, he was not formally paroled.

61.    Therefore, pursuant to DHS's own determination, he is detained under 8 U.S.C. § 1226(a). *See J.U.*, 2025 U.S. Dist. LEXIS 191630, at *19 citing *Mahamudul Hasan v. Crawford*, No. 1:25-cv-1408 (LMB/IDD), 2025 U.S. Dist. LEXIS 184734, 2025 WL 2682255, at *8 (Ed. Va. Sept. 19, 2025) ("Given the significant distinction between being paroled into the United States under § 1182(d)(5)(A) and being released on recognizance under § 1226(a)(2)(B), DHS's consistent citations to § 1226(a) on [petitioner's] paperwork does not support the argument that the federal respondents actually intended for him to be paroled into the United States pursuant to § 1182(d)(5)(A).").

62.    In addition, Petitioner does not fall into any other category.

63. The NTA makes clear that he does not fall under 8 U.S.C. §§ 1225(b)(1) or (b)(2).

64. Upon information and belief, DHS never placed him in expedited removal, and the NTA does not state that he falls under 8 U.S.C. § 1225(b)(1). **Exhibit B**.

65. Upon information and belief, DHS did not designate him as an arriving alien, and that box is not checked on the NTA. **Exhibit B.**

66. To the extent that Respondents argue that Petitioner is detained under 8 U.S.C. § 1225(b) as an applicant for admission pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), this argument fails.

67. In *Yajure Hurtado*, the Board of Immigration Appeals held that anyone who is classified as entry without inspection, regardless of how long they have been in the United States can be detained under 8 U.S.C. § 1225(b)(2) and "shall be detained for a proceeding under section 240." *Id*. at 219-220. The consequence of this decision is that individuals who were historically classified as entry without inspection or EWI and eligible to apply for a bond before an immigration judge under 8 U.S.C. 1226(a) are now ineligible for an immigration judge-issued bond.

68. But the Board's reversal of historical practice and newly revised interpretation of the detention statutes are not entitled to any deference. *See Loper Bright Ent. v. Raimondo*, 603 U.S. 369, 412-13 (2024). Numerous courts around the country have rejected the reasoning in *Yajure Hurtado* and held that those who have been designated as "present" in the United States are classified under 8 U.S.C. § 1226(a) and are, at a minimum, entitled to a bond hearing before an immigration judge. *J.U.*, 2025 U.S. Dist. LEXIS 191630, at *22-24. *Artiga*, 2025 U.S. Dist. LEXIS 196847, at *15-24; *Orellana v. Moniz*, Civil Action No. 25-cv-12664-PBS, 2025 U.S. Dist. LEXIS 196282, at *13-14 (D. Mass. Oct. 3, 2025) (collecting cases).

69.     Furthermore, the government's policy in *Yajure Hurtado* renders other statutes, e.g., 8 U.S.C. § 1226(c) generally, and the Laken Riley Act, superfluous. *J.U.*, 2025 U.S. Dist. LEXIS 191630, at *22-24.

70.     Upon information and belief, even though he was eventually released on an ATD program, DHS never formally paroled him into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A), and, therefore, Petitioner could not "be returned" under that provision to mandatory custody under 8 U.S.C. § 1225(b). Petitioner is thus not subject to mandatory detention under § 1225 for this reason as well.

71.     In addition, Petitioner is not lawfully subject to mandatory detention under 8 U.S.C. § 1226(c), because he has not been convicted of any crime that triggers such detention.  *See Demore v. Kim*, 538 U.S. 510, 513-14, 531 (2003) (allowing mandatory detention under § 1226(c) for brief detention of persons convicted of certain crimes and who concede removability).

72.     Accordingly, Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a) based on Respondents' treatment of Petitioner and the plain text of the statute.

73.     As a person detained under 8 U.S.C. § 1226(a), Petitioner must, upon his request, receive a custody redetermination hearing (colloquially called a "bond hearing") with strong procedural protections.  8 C.F.R. 236.1(d) & 1003.19(a)-(f).

74.     Petitioner respectfully requests a bond hearing with the burden on the government to prove by clear and convincing evidence that he is not a danger to the public or property and not a flight risk and to likewise demonstrate by clear and convincing evidence that no alternatives to detention can mitigate the risk of flight or danger. *Cantor v. Freden*, 761 F. Supp. 3d 630, 635-41 (W.D.N.Y. 2025).

## CLAIMS FOR RELIEF

## COUNT ONE

**Violation of Fifth Amendment Right to Due Process
(Failure to Provide Bond Hearing Under 8 U.S.C. § 1226(a))**

75.     Petitioner alleges and incorporates all prior paragraphs above.

76.     Because Petitioner is a person arrested inside the United States and is subject to detention, if at all, under 8 U.S.C. § 1226(a).

77.     Petitioner has not been, and will not be, provided with a bond hearing as required by law.

78.     Petitioner's continued detention without the ability to obtain a bond hearing is therefore unlawful.

79.     Under the Due Process Clause of the Fifth Amendment to the United States Constitution, 8 U.S.C. § 1226(a), and 8 C.F.R. 236.1(d) & 1003.19(a)-(f), if the Court does not order Petitioner's immediate release, he is entitled to receive a bond hearing before an immigration judge with strong procedural protections.

80.     Therefore, if the Court does not release Petitioner outright, Petitioner requests a court order that he is entitled to a bond hearing in front of an immigration judge with the burden on the government to prove by clear and convincing evidence that he is not a danger to the public or property and not a flight risk and to likewise demonstrate by clear and convincing evidence that no alternatives to detention can mitigate the risk of flight or danger or on conditions the Court deems just and proper. *See Cantor v. Freden*, 761 F. Supp. 3d 630, 635-41 (W.D.N.Y. 2025).

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

1.     Assume jurisdiction over this matter;

14

2.      Order that Petitioner shall not be transferred outside this District;

3.      Adjudicate this petition pursuant to 28 U.S.C. § 1657, which requires that the Court expedite consideration of any action brought under 28 U.S.C. Chapter 153, which governs habeas petitions.

4.      Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days pursuant to 28 U.S.C. § 2243.

5.      Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately, or, in the alternative, to provide Petitioner with a bond hearing with the burden on the government to prove by clear and convincing evidence that he is not a danger to the public or property and not a flight risk and to likewise demonstrate by clear and convincing evidence that no alternatives to detention can mitigate the risk of flight or danger or on conditions the Court deems just and proper.

6.      Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and

7.      Grant any further relief this Court deems just and proper.

Dated: October 16, 2025
        Buffalo, New York

                        Respectfully submitted,

                            s/ *Aaron J. Aisen*
                        Aaron J. Aisen
                        *Attorneys for Petitioner*
                        ECBA Volunteer Lawyers Project, Inc
                        45 Ellicott Street, Suite 1
                        Batavia, New York 14020
                        Tel: (585) 524-1778
                        aaisen@ecbavlp.com

## <u>VERIFICATION PURSUANT TO 28 U.S.C. § 2242</u>

I represent Petitioner, Opeyemi Akinola Najeem, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated: October 16, 2025.

*s/ Aaron J. Aisen*
Aaron J. Aisen

# EXHIBIT A

Allegations: Admits All; | Charges: Concedes All;IJ sustains 212 charges
Designated Country: NIGERIA |

## DEPARTMENT OF HOMELAND SECURITY
## NOTICE TO APPEAR

Subject to Securing the Border (SB)

| In removal proceedings under section 240 of the Immigration and Nationality Act: |
|---|

File No: _____ 221072435

In the Matter of:

Respondent: _____ OPEYEMI AKINOLA NAJEEM _____ currently residing at:

FLORENCE SPC, 3250 N PINAL PARKWAY, FLORENCE, AZ 85132 _____ 520-868-5862

(Number, street, city, state and ZIP code) _____ (Area code and phone number)

☐ You are an arriving alien.

☒ You are an alien present in the United States who has not been admitted or paroled.

☐ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;
2. You are a native of Nigeria and a citizen of NIGERIA;
3. You entered the United States at an unknown location on or about 2024-10-03;
4. You did not then possess or present a valid immigrant visa, reentry permit, border crossing identification card, or other valid entry document;
5. You were not then admitted or paroled after inspection by an Immigration Officer.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.

Section 212(a)(6)(A)(i) of the Act, as amended, as an alien present in the United States without being admitted or paroled, or who has arrived in the United States at any time or place other than as designated by the Attorney General.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:          ☐ 8CFR 208.30          ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

3260 N PINAL PARKWAY, FLORENCE, AZ 85132

*(Complete Address of Immigration Court, including Room Number, if any)*

on ___11/14/2024___ at ___08:30 AM___ to show why you should not be removed from the United States based on the

    (Date)                     (Time)

charge(s) set forth above. _____ *Saha Jafari* _____ Supervisory Asylum Officer

                                    *(Signature and Title of Issuing Officer)*

Date: ___10/29/2024___ _____ Tustin, CA _____

                                    *(City and State)*

DHS Form I-862 (6/22) _____ Page 1 of 3

Allegations: Admits All; | Charges: Concedes All; IJ sustains 212 charges

Designated Country: NIGERIA |

**Notice to Respondent**

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at **www.uscis.gov/i-589**. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at **http://www.ice.gov/contact/ero**, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

Upon information and belief, the language that the alien understands is       YORUBA

---

## Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____

                                     *(Signature of Respondent)*

                                       Date: _____

_____
*(Signature and Title of Immigration Officer)*

---

## Certificate of Service

This Notice To Appear was served on the respondent by me on **10/29/24**, in the following manner and in compliance with section 239(a)(1) of the Act.

☒ in person    ☐ by certified mail, returned receipt # _____ requested    ☐ by regular mail

☐ Attached is a credible fear worksheet.

☐ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____         _____
*(Signature of Respondent if Personally Served)*      *(Signature and Title of officer)* D.O

**Privacy Act Statement**

Allegations: Admits All; | Charges: Concedes All;IJ sustains 212 charges
Desc. Amatory Country: NIGERIA |

The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**

You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**

For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS), and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**

Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

EOIR - 3 of 11

# EXHIBIT B



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BATAVIA IMMIGRATION COURT**

Respondent Name:

   NAJEEM, OPEYEMI AKINOLA

To:

   Gilbert-Overland, Bryan Joel
   45 Ellicott St.
   Suite 1
   Batavia, NY 14020

A-Number:
221-072-435
Riders:
In Custody Redetermination Proceedings

Date:
09/18/2025

## ORDER OF THE IMMIGRATION JUDGE

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☑  Denied, because
The Court issues this decision prior to the scheduled bond hearing.

Per 8 CFR 1003.19(d), the Court looks to the removal record and sees that the Court sustained the Immigration and Nationality Act Section 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) charges on 12/12/2024. As such, the Court does not have jurisdiction to set bond. See Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025).

☐  Granted. It is ordered that Respondent be:
   ☐  released from custody on his own recognizance.
   ☐  released from custody under bond of $
   ☐  other:

☐  Other:

Immigration Judge: COUNIHAN, BRIAN J 09/18/2025

Appeal:    Department of Homeland Security:  ☐ waived  ☑ reserved
           Respondent:                        ☐ waived  ☑ reserved
Appeal Due: 10/20/2025


**Certificate of Service**

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS
Respondent Name : NAJEEM, OPEYEMI AKINOLA | A-Number : 221-072-435
Riders:
Date: 09/18/2025 By: PHAIR, DEANNA, Court Staff

JS 44   (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Opeyemi Akinola Najeem | Joseph Freden, Kristi Noem, Todd Lyons, and Pamela Bondi |
| (b) County of Residence of First Listed Plaintiff    **Genesee** <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____ <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)* <br> Aaron J. Aisen ECBA Volunteer Lawyers Project, Inc. 45 Ellicott Street, Suite 1 Batavia, NY 14020 | Attorneys *(If Known)* <br> U.S. Attorney's Office - WDNY |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance <br> [ ] 120 Marine <br> [ ] 130 Miller Act <br> [ ] 140 Negotiable Instrument <br> [ ] 150 Recovery of Overpayment & Enforcement of Judgment <br> [ ] 151 Medicare Act <br> [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) <br> [ ] 153 Recovery of Overpayment of Veteran's Benefits <br> [ ] 160 Stockholders' Suits <br> [ ] 190 Other Contract <br> [ ] 195 Contract Product Liability <br> [ ] 196 Franchise | **PERSONAL INJURY** <br> [ ] 310 Airplane <br> [ ] 315 Airplane Product Liability <br> [ ] 320 Assault, Libel & Slander <br> [ ] 330 Federal Employers' Liability <br> [ ] 340 Marine <br> [ ] 345 Marine Product Liability <br> [ ] 350 Motor Vehicle <br> [ ] 355 Motor Vehicle Product Liability <br> [ ] 360 Other Personal Injury <br> [ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY** <br> [ ] 365 Personal Injury - Product Liability <br> [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability <br> [ ] 368 Asbestos Personal Injury Product Liability <br> **PERSONAL PROPERTY** <br> [ ] 370 Other Fraud <br> [ ] 371 Truth in Lending <br> [ ] 380 Other Personal Property Damage <br> [ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 <br> [ ] 690 Other | [ ] 422 Appeal 28 USC 158 <br> [ ] 423 Withdrawal 28 USC 157 <br> **INTELLECTUAL PROPERTY RIGHTS** <br> [ ] 820 Copyrights <br> [ ] 830 Patent <br> [ ] 835 Patent - Abbreviated New Drug Application <br> [ ] 840 Trademark <br> [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act <br> [ ] 376 Qui Tam (31 USC 3729(a)) <br> [ ] 400 State Reapportionment <br> [ ] 410 Antitrust <br> [ ] 430 Banks and Banking <br> [ ] 450 Commerce <br> [ ] 460 Deportation <br> [ ] 470 Racketeer Influenced and Corrupt Organizations <br> [ ] 480 Consumer Credit (15 USC 1681 or 1692) <br> [ ] 485 Telephone Consumer Protection Act <br> [ ] 490 Cable/Sat TV <br> [ ] 850 Securities/Commodities/ Exchange <br> [ ] 890 Other Statutory Actions <br> [ ] 891 Agricultural Acts <br> [ ] 893 Environmental Matters <br> [ ] 895 Freedom of Information Act <br> [ ] 896 Arbitration <br> [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision <br> [ ] 950 Constitutionality of State Statutes |
| **REAL PROPERTY** <br> [ ] 210 Land Condemnation <br> [ ] 220 Foreclosure <br> [ ] 230 Rent Lease & Ejectment <br> [ ] 240 Torts to Land <br> [ ] 245 Tort Product Liability <br> [ ] 290 All Other Real Property | **CIVIL RIGHTS** <br> [ ] 440 Other Civil Rights <br> [ ] 441 Voting <br> [ ] 442 Employment <br> [ ] 443 Housing/ Accommodations <br> [ ] 445 Amer. w/Disabilities - Employment <br> [ ] 446 Amer. w/Disabilities - Other <br> [ ] 448 Education | **PRISONER PETITION S** <br> **Habeas Corpus:** <br> [x] 463 Alien Detainee <br> [ ] 510 Motions to Vacate Sentence <br> [ ] 530 General <br> [ ] 535 Death Penalty <br> **Other:** <br> [ ] 540 Mandamus & Other <br> [ ] 550 Civil Rights <br> [ ] 555 Prison Condition <br> [ ] 560 Civil Detainee - Conditions of Confinement | **LABOR** <br> [ ] 710 Fair Labor Standards Act <br> [ ] 720 Labor/Management Relations <br> [ ] 740 Railway Labor Act <br> [ ] 751 Family and Medical Leave Act <br> [ ] 790 Other Labor Litigation <br> [ ] 791 Employee Retirement Income Security Act <br> **IMMIGRATION** <br> [ ] 462 Naturalization Application <br> [ ] 465 Other Immigration Actions | **SOCIAL SECURITY** <br> [ ] 861 HIA (1395ff) <br> [ ] 862 Black Lung (923) <br> [ ] 863 DIWC/DIWW (405(g)) <br> [ ] 864 SSID Title XVI <br> [ ] 865 RSI (405(g)) <br> **FEDERAL TAX SUITS** <br> [ ] 870 Taxes (U.S. Plaintiff or Defendant) <br> [ ] 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 2241

Brief description of cause:
Habeas Petition requesting a bond hearing

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 10 /16 / 2025 | s/ Aaron J. Aisen |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____