UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

OPEYEMI AKINOLA NAJEEM,

       Petitioner,

v.

JOSEPH E. FREDEN, in his official capacity as ICE Deputy Field Office Director; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; TODD M. LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement; and PAMELA BONDI, in her official capacity as Attorney General of the United States,

       Respondents.
_____

**ORDER**

6:25-CV-6584-EAW

      Petitioner Opeyemi Akinola Najeem ("Petitioner") is a civil immigration detainee currently being held at the Buffalo Federal Detention Facility in Batavia, New York. Petitioner claims that he is being detained in United States Immigration and Customs Enforcement custody pending removal proceedings in violation of the United States Constitution and seeks relief under 28 U.S.C. § 2241. (Dkt. 1). In response to the petition, Respondents filed a motion to dismiss, arguing that because Petitioner entered the country without inspection or admission, he remains an applicant for admission pursuant to 8 U.S.C. § 1225(b), which mandates that he be detained in immigration custody. (Dkt. 4). Petitioner contends that his detention arises pursuant to 8 U.S.C. § 1226(a), which provides

that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States," and that after such arrest, the Attorney General may detain the individual or release them on a bond with conditions or on conditional parole. *See* 8 U.S.C. § 1226(a)(1)-(2).

For the reasons that will be set forth in a more detailed decision to be issued in due course, the petition is granted to the extent that Petitioner seeks a bond hearing, the motion to dismiss is denied, and a bond hearing shall be conducted in accordance with the following terms:

1. Petitioner shall be granted a bond hearing before an immigration judge ("IJ") within seven (7) days of this Order. If Petitioner requests a continuance that results in a bond hearing date outside the 7-day deadline set forth above, such a continuance will comply with this Order as long as the new date falls within a reasonable time period.

2. At this bond hearing, the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence. In deciding whether the government has met its burden of proof, the IJ must consider whether less-restrictive alternatives to detention can reasonably address the government's interest in Petitioner's continued detention.

3. If the IJ finds that the government has not met its burden, then in setting any bond the IJ must consider Petitioner's ability to pay and alternative conditions of release.

4. Thus, in order to continue Petitioner's detention after any bond hearing, the IJ must find by clear and convincing evidence and make findings that no condition or combination of conditions of release can reasonably ensure Petitioner's appearance and the

safety of the community—that is, even with conditions, Petitioner presents an identified and articulable risk of flight or a threat to another person or the community.

5.  Respondents are directed to file a status update with the Court on or before November 20, 2025.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   November 12, 2025
         Rochester, New York